IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | CIVIL ACTION |
| v. | : | |
| GEORGE GEORGIOU | : | NO. 09-616 |

**MEMORANDUM RE DEFENDANT'S DISCOVERY REQUESTS**

On January 20, 2015, the Third Circuit affirmed Defendant George Georgiou's convictions for "conspiracy, securities fraud, and wire fraud for his participation in planned manipulation of the markets of four publicly traded stocks." United States v. Georgiou, 777 F.3d 125, 130 (3d Cir. 2015), cert. denied, 136 S. Ct. 401 (2015). In this civil matter stemming from the same underlying events, Plaintiff the Securities and Exchange Commission ("SEC") seeks summary judgment on its claims under Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. Plaintiff argues that Defendant is collaterally estopped from opposing the Motion because of his criminal conviction. ECF 16.

The Court originally stayed this civil action pending a final outcome in the criminal matter. ECF 5. The Court then closed the civil case on March 14, 2014. ECF 6. On October 23, 2015, however, the Court granted the SEC's motion to reopen the case. ECF 12. Since then, Defendant has requested discovery from Plaintiff (via letters and/or emails to this Court) on November 16, 2015, December 7, 2015, and January 28, 2016. The January 28th request clarified that Defendant currently seeks three things:

1) notes of interviews between Kevin Waltzer, a cooperating witness at Defendant's criminal trial, and the SEC;

2) correspondence between Waltzer's lawyers and the SEC; and

3) promises or overtures to Waltzer regarding Waltzer's potential criminal prosecution.

On January 15, the SEC filed its Motion for Summary Judgment. ECF 16. On February 1, 2016, the Court ordered the SEC to respond to Defendant's January 28th discovery request. ECF 19. The SEC did so on February 9. ECF 20.

The Court's Scheduling Order, ECF 14, gave Defendant 60 days to reply to the SEC's Motion for Summary Judgment. When no Opposition came in, the Court on March 31, 2016 issued an Order advising Defendant that if no response was received by April 14, the Court would likely grant Plaintiff's Motion as unopposed. ECF 21. Defendant then wrote the Court again on April 5, 2016 to explain that he had not filed an Opposition because he was awaiting disposition of his letter-motions for discovery. The Court solicited a reply from the SEC to Defendant's April 5 communication, which was received on April 13, 2016.

For the reasons detailed below, Defendant's requests for discovery are denied. Because of the confusion regarding the response deadline, however, the Court will provide Defendant with additional time to oppose Plaintiff's Motion.

In his appeal of his criminal conviction to the Third Circuit, Defendant raised the issue of whether the Government withheld evidence regarding Waltzer. United States v. Georgiou, 777 F.3d 125, 138-42 (3d Cir. 2015), cert. denied, 136 S. Ct. 401 (2015). This evidence included materials pertaining to Waltzer's substance abuse and mental health/treatment, as well as documents from SEC meetings with Waltzer. Id. The Third Circuit rejected Defendant's arguments, holding "[i]n light of the extensive evidence in the trial record, including recordings of [Defendant] discussing fraudulent activities, emails between [Defendant] and co-conspirators regarding manipulative trades, voluminous records of the trades themselves, bank accounts and

2

wire transfers, [Defendant]'s argument that the evidence of Walter's substance abuse and mental illness, or his meetings with the SEC, is material for our Brady analysis cannot stand." Id.

Defendant's discovery requests seek to rehash the same arguments the Third Circuit has already rejected. This Court cannot overrule the Third Circuit.

More importantly, Defendant's requests for discovery have no relevance to this action. This case is not the appropriate forum for Defendant to challenge the merits of his criminal conviction. Defendant's discovery does not appear in any way pertinent to the issues of collateral estoppel the SEC has raised. All cites in Plaintiff's Statement of Undisputed Facts are to Defendant's criminal trial and its related exhibits. The Court has no reason to believe that Defendant does not have access to this information,[1] so Defendant does not require further discovery to prepare his Opposition.

Therefore, Defendant's discovery requests shall be denied.

An appropriate Order follows.

O:\CIVIL 09\09-616 SEC V. GEORGIOU\09CV616 MEMO RE DISCOVERY.DOCX

---

[1] The Court's Pretrial Order, ECF 14, asked counsel for Welsh & Recker (Defendant's prior counsel in the criminal case) to advise the Court "whether and to what extent defendant has a copy of the records of his criminal conviction." Catherine Recker responded via letter on December 7, 2015 stating that her firm was granted permission to withdraw from that action on June 30, 2010. None of Defendant's discovery requests or communications to the Court have asserted that Defendant lacks access to the underlying record from the criminal action. Defendant instead seeks new evidence from the SEC.

3