IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SECURITIES AND EXCHANGE COMMISSION<br><br>   v.<br><br>GEORGE GEORGIOU | CIVIL ACTION<br><br>NO. 09-616 |
|---|---|

### MEMORANDUM RE: COLLATERAL ESTOPPEL

**Baylson, J.**                                                                                          **March 2, 2023**

On February 12, 2009, the SEC filed a civil enforcement action against Defendant in parallel with an indictment from the U.S. Attorney's Office for the Eastern District. ECF 1. Both allege the same misconduct by Defendant: a series of fraudulent schemes to manipulate securities. The civil action was stayed pending Defendant's criminal trial on April 28, 2009. ECF 5.

### The Criminal Case

On February 10, 2010, a jury convicted Defendant of one count of conspiracy in violation of 18 U.S.C. § 371, four counts of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240, 10b-5, four counts of wire fraud in violation of 18 U.S.C. § 1343, and aiding

1

and abetting in violation of 18 U.S.C. § 2.[1]  Crim. Dkt. 135.[2]  On December 14, 2010, Defendant was sentenced to 300 months' imprisonment and ordered to pay over $55 million in restitution. Crim Dkt. 231.

Defendant proceeded to file a staggering number of post-trial motions.[3]  The Court will limit its procedural history to the most pertinent ones.

On December 19, 2010, Defendant appealed the conviction to Third Circuit.  Crim Dkt. 233.  The Third Circuit upheld the conviction on January 20, 2015.  777 F.3d 125.  On November 2, 2015, The Supreme Court denied Defendant's writ of certiorari.  Georgiou v. United States, 577 U.S. 954 (2015).

On January 26, 2017, Defendant filed a § 2255 petition, raising various claims of trial and sentencing error, prosecutorial misconduct, and ineffectiveness of counsel.  Crim. Dkt. 307.  The court denied all of Defendant's claims on June 19, 2018.  See Georgiou, 2018 WL 9618008

---

[1]   Judge Kelly observed at sentencing that the evidence against Defendant was overwhelming:
> "[Georgiou] obstructed justice by perjuring himself in this court.  The evidence in this case was overwhelming.  The defendant sat there and listened to it, and yet he took the witness stand and gave evidence that really left the Court stunned.  It was almost pathetic.  I could not understand why he thought what he was doing was a good idea.  It obviously failed because this case went almost three weeks, and that jury I think was out about less than two hours, maybe an hour and a half, and lunch was served to them while they were there.  That's how powerful the testimony and the evidence were in this case, and they found him guilty of all nine counts."

Crim. Dkt. at 83-84.

[2]   The criminal docket is 09-88.

[3]   See, e.g., United States v. Georgiou, 742 F. Supp. 2d 613 (E.D. Pa. 2010) (denying motion for new trial); United States v. Georgiou, 2011 WL 1081156 (E.D. Pa. Mar. 18, 2011), aff'd, 777 F.3d 125 (3d Cir. 2015) (denying Third Motion for New Trial); United States v. Georgiou, 2011 WL 6153629 (E.D. Pa. Dec. 12, 2011) (denying motion for reconsideration and motion filed under seal); United States v. Georgiou, 2021 WL 1122630 (E.D. Pa. Mar. 23, 2021) (denying Motion for Compassionate Release).  The 13-year criminal docket has over 680 entries.

(E.D. Pa 2018).  On September 27, 2018, Defendant appealed the denial of his § 2255 motion.  Crim. Dkt. 615.  On May 4, 2020, the Third Circuit affirmed the decision.  Crim. Dkt. 633.  Defendant then filed a petition for certiorari in the Supreme Court which, on January 11, 2021, was denied.  See Georgiou v. United States, 2021 WL 78188 (U.S. Jan. 11, 2021).

On August 17, 2017, Defendant petitioned the Court for his first writ of audita querela under 28 U.S.C. § 1651, challenging a forfeiture order from his November 2010 sentencing.  Crim Dkt. 417.  The Third Circuit and Supreme Court both rejected this challenge.  See United States v. Georgiou, 800 F. App'x 136 (3d Cir. 2020); 141 S. Ct. 560.

On February 2021, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Crim. Dkt. 635.  Judge Jones denied the motion with leave to refile.  Crim. Dkt. 640, 641.

At present, there are 3 motions for reconsideration on the criminal docket before Judge Quiñones Alejandro,[4] seeking (1) compassionate relief (for the second time); (2) relief from unlawful forfeiture; and (3) bail and appointment of counsel for imminent Rule 60(b) litigation alleging defects in the integrity of the § 2255 proceedings.  Crim. Dkt. 678, 679, 680.  See also Crim. Dkt. 681 (motion to clarify the above motions).  Each original motion had been denied on July 23, 2022.  Crim. Dkt. 675.  An omnibus response to the three motions for reconsideration was filed by the Government on August 2, 2022.  Crim. Dkt. 683.  Defendant filed a reply on August 22, 2022.  Crim. Dkt. 687.

---

[4]    Judge Quiñones Alejandro was assigned the criminal case on July 27, 2022.

<u>The Civil Case</u>

The civil docket was closed on March 14, 2014, ECF 6, but was reopened on October 23, 2015. ECF 12. The Complaint in this civil case tracks the allegations of the indictment very closely. The SEC filed a motion for summary judgment on January 15, 2016. ECF 16. After various responses by Defendant and replies by the SEC, the Court stayed the action and placed it in the civil suspense file on January 11, 2018.[5] ECF 48. The Court transferred the case back to the active docket on January 30, 2023. ECF 57.

Upon review of the pending Motion for Summary Judgment, the Court concludes that the Defendant's criminal conviction for the same conduct alleged in the Civil Complaint, requires the Court, under the doctrine of collateral estoppel, to grant the Motion for Summary Judgment with prejudice. See <u>Anderson v. Commission of Internal Revenue</u>, 698 F.3d 160, 164-165 (3d Cir. 2012).

---

[5] At the time, the § 2255 proceedings before Judge Kelly had not been completed.